IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| EUGENE THOMAS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:08-CV-145 (WLS) |
| VS. | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| THOMAS AMMONS; KEVIN KINNEL; Lt. GREENE; Lt. NORMAN; Officer ST. JAQUES; BRIGETTE V. JENKINS; Officer DAVENPORT; | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **EUGENE THOMAS**, an inmate at Autry State Prison in Pelham, Georgia, has filed another *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis.*

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states two claims: First, plaintiff alleges that his personal property was destroyed without due process and second plaintiff alleges that defendant Jenkins retaliated against him for filing a grievance.

Specifically, plaintiff states that when he was transferred to Autry State Prison, his property was inventoried. Plaintiff alleges that he told defendants St. Jaques, Greene, and Norman that he did not want to live in Unit E-1 so they took him to administrative segregation. While in segregation, plaintiff states that he noticed his shoes, cigarettes, and CDs were missing. Plaintiff explained the loss of his property to defendant Davenport and Davenport told plaintiff that the only property of which he was aware was the cigarettes. Plaintiff states that he filed a grievance regarding the missing property and defendant Kinnel responded by telling him that his property was in the property room. Plaintiff states that when he was released from segregation, he was escorted to the property room and defendant Jenkins informed him that his property was not there. Plaintiff alleges that he filed another grievance regarding his property and defendant Ammons upheld "the illegitimate seizure of confiscation of [his] property."

Plaintiff states that on February 13, 2008 he was escorted to the property room because more of his property had arrived from Valdosta State Prison. Plaintiff states that defendant Jenkins gave him the property and when plaintiff "requested the sales receipt," she made him give the property

back. Plaintiff states that when defendant Jenkins realized he was the inmate who filed a grievance regarding missing property, she told him that he would not get his property back unless he dropped the grievance. Plaintiff states that in retaliation for his filing the grievance, defendant Jenkins ultimately destroyed his property.

In relation to plaintiff's complaint that the confiscation and destruction of his property violated the Due Process Clause, the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984). Plaintiff does not allege that the defendants confiscated and destroyed his personal property pursuant to established state procedure. In fact, plaintiff states that the defendants' destruction of his property without his consent was in violation of the Georgia Department of Corrections Rules and Regulations and Standard Operating Procedures. It appears that the defendants' acts were random and unauthorized. Therefore, plaintiff's due process rights were not violated as long as Georgia provides an adequate post deprivation remedy.

Georgia has enacted a cause of action for the wrongful conversion of personal property. ***See*** O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure of personal property by police officials. Therefore, the state has provided an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (citations omitted). Because plaintiff has an adequate post-deprivation remedy in state court, there has been no due process violation.

Accordingly, the Undersigned **RECOMMENDS** that plaintiff's due process claim and the defendants associated with this claim (Thomas Ammons, Kevin Kinnel, Lt. Greene, Lt. Norman,

Office St. Jaques, and Officer Davenport) be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 5th day of November, 2008.

                                            ***/s/ Richard L. Hodge***
                                            RICHARD L. HODGE
                                            UNITED STATES MAGISTRATE JUDGE

lnb