IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EUGENE THOMAS, | : |
| | : |
|    Plaintiff, | : |
| | : |
| vs. | : Civil Action File No. |
| | : **1:08-CV-145 (WLS)** |
| THOMAS AMMONS, Warden, et al., | : |
| | : |
|    Defendants. | : |
| | : |

**ORDER AND RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. §1983 action are several motions.

## 1. *Plaintiff's Motion to Amend (doc. 9)*

Plaintiff files this motion to amend in order to clarify the nature of the allegations in his original complaint. As this motion was filed prior to the defendants' having filed an answer or dispositive motion, plaintiff may amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiff's motion is **GRANTED**.

## 2. *Defendants' Pre-Answer Motion to Dismiss (doc. 12)*

Plaintiff Thomas filed this action on October 8, 2008, pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. (Doc. 2). Specifically, inmate Thomas alleges that his personal property was destroyed without due process and that Officer Jenkins retaliated against him for filing a grievance regarding his property. On November 5, 2008, the undersigned recommended dismissal of inmate Thomas's due process claims regarding the purported destruction of his property and, accordingly, the defendants, Warden Ammons, Deputy Warden

Kinnel, Lieutenant Greene, Lieutenant Norman, Officer St. Jacques and Officer Davenport, against whom these claims were alleged. (Doc. 6). The only remaining claim in this action was inmate Thomas's retaliation claim against Officer Jenkins. (Doc. 7). Plaintiff claims that Officer Jenkins retaliated against him for filing a grievance by keeping his property. (Doc. 2, p. 4-5). Pursuant to Fed.R.Civ.P. 15(a), as a matter of right, Plaintiff amended his pleading on November 19, 2008, alleging that Warden Ammons and Deputy Warden Kinnel also retaliated against him for filing a grievance. (Doc. 9, p. 2-3). Specifically, Plaintiff claims that Warden Ammons allegedly offered to return his C.D. player in exchange for dropping his grievance and that Deputy Warden Kinnel purportedly brought false disciplinary charges against him and called inmate Thomas to his office because he filed the grievance.  In addition, Plaintiff states that Warden Ammons violated his constitutional rights by purportedly failing to properly administer the prison's grievance procedure. (Doc. 9, p. 2).   The undersigned granted plaintiff's motion to amend (above); however, the undersigned will now consider the motion to dismiss filed on behalf of Officer Jenkins, Warden Ammons, and Deputy Warden Kinnel.[1]

*Failure to Exhaust Administrative Remedies*

Defendants Ammons and Kinnel assert that they are entitled to have the claims against them dismissed because plaintiff has failed to exhaust his administrative remedies.

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

---

[1] Defendants have withdrawn their defense that plaintiff violated the "three strikes" provision of the PLRA (doc. 18).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

According to the affidavit submitted by defendants, the grievance process at the prison facility starts when an inmate files an informal grievance and resolution of those complaints is attempted. (Doc. 12 Nobles Affid., ¶7). Informal grievances must be filed no later than ten (10) calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance. (*Id.*) An informal grievance must be completed before a formal grievance is filed. (*Id.*)

If an inmate does not like or does not agree with the response to his informal grievance, he may request a formal grievance form. (*Id.* at ¶8). An inmate must complete and return the formal grievance form within five (5) business days of the inmate's receipt of the written response to his informal grievance. (*Id.*) If a formal grievance is denied, for being out of time or otherwise, the inmate is advised of the appeal procedure and, if requested, given a grievance appeal to file with the GDOC Commissioner's office. (*Id.* at ¶9). The inmate may appeal the decision on the formal grievance within five (5) business days. (*Id.*)

The Commissioner's Office has ninety (90) days in which to respond to an inmate's appeal. (*Id.* at ¶10). The formal grievance process is not complete until after a response is rendered on the appeal by the Commissioner's office. (*Id.*) In addition, the statewide grievance process also provides for Emergency Grievances that inmates can file for emergency situations. (*Id.* at ¶11). Emergency Grievances are immediately referred to a prison grievance coordinator or an after hours duty officer who determines if the issue is, in fact, an emergency. (*Id.*) If so, that

coordinator/officer will immediately take whatever action necessary to protect the health, safety, or welfare of the inmate. (*Id.*)

Since January 22, 2008, his alleged date of property loss, plaintiff has only filed one grievance, number 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, alleging retaliation for filing a grievance about the property loss. (Doc. 12, Nobles Affid., ¶13). Further, this grievance only mentions Officer Jenkins allegedly giving inmate Thomas his property and taking it back. (Doc. 12 *See* Attach. 2 to Nobles Affid.) It does not address the purported threats by Warden Ammons or the allegedly fraudulent disciplinary report or callouts by Deputy Warden Kinnel.(*Id.*; Doc. 12 Nobles Affid. ¶14).

In his response to the motion to dismiss, plaintiff claims that he also exhausted Grievance number 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. (Doc. 17, p. 7). Defendants filed a supplemental affidavit (doc. 18) specifying that Grievance number 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 only addresses Plaintiff's allegation that his property was stolen. (*See* Doc. 18 Ex. A, Supplemental Affidavit of Benjie Nobles; Attachment 1 to Nobles Supp. Affid.) This allegation was recommended for dismissal by the undersigned on November 5, 2008. (Doc. 6). Grievance number 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 does not make any allegation regarding retaliation by Warden Ammons or Deputy Warden Kinnel and, therefore, cannot exhaust these claims. (Doc. 18 Nobles Affid., ¶13).

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of <u>Alexander v. Hawk</u> is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this. Given these circumstances, the undersigned believes that dismissal of the claims against Ammons and Kinnel is mandated for failure to exhaust administrative remedies.

The court must follow the dictates of circuit law.   This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998); Harper v. Jenkin, supra.

*Eleventh Amendment Immunity*

Defendants further assert that all parties are entitled to Eleventh Amendment Immunity from suit in their official capacities.   "[A] suit by private parties seeking to impose liability which must be paid from public funds in a state treasury is barred by the Eleventh Amendment." Edelman v. Jordan, 415 U.S. 651, 664 (1974).

This immunity extends to protect individual state actors sued in their official capacities as well as state agencies and entities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") Though this immunity may be overridden by Congress or waived by the state, neither has occurred for the claims brought in this matter. *See* Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1512 (11th Cir. 1986) (noting that § 1983 has not been held as Congressional abrogation of the states' immunity); Ga. Const. Art. I, 6 Section 2, para. 9(f) ("no waiver of sovereign immunity … shall be construed as a waiver any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution.")

Therefore, it appears that defendants are entitled to dismissal of the official capacity claims.

In sum, it is the RECOMMENDATION of the undersigned that defendants' motion to

dismiss be **GRANTED**; that all claims against Ammons and Kinnel be dismissed, and that the claims against Officer Jenkins in her official capacity be dismissed.  Plaintiff's claims against Officer Jenkins in her individual capacity remain.  Officer Jenkins is therefore required to file an answer within THIRTY (30) DAYS of the date the district judge to whom this case is assigned rules upon this recommendation.

### 3. *Plaintiff's Motion for Default Judgment (doc. 13)*

Plaintiff has filed a motion for default judgment against defendant Jenkins in this actions. A waiver of service of summons was issued to Officer Jenkins on November 24, 2008. (Doc. 14 Ex. A). This waiver was executed on behalf of Officer Jenkins on December 11, 2008. (*See Id.*) Pursuant to Fed.R.Civ.P. 4(d)(3), a defendant who timely returns a waiver then has sixty (60) days in which to respond to the Complaint. In the instant action, the sixty (60) days expired on January 23, 2009. Defendants' Motion to Dismiss was filed on January 22, 2009. (Doc. 12).

Though the Court's electronic docket does not indicate a timely return of this waiver, Defendants submit Exhibit A,  as evidence that, pursuant to Fed.R.Civ.P. 4(d)(1)(F), a waiver on behalf of Officer Jenkins was executed and returned within thirty (30) days from the when the waiver was initially sent to her.

Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion for default be **DENIED**.

### 4. *Defendant's Motion to Stay Discovery (doc. 19)*

Defendants have filed a motion to stay discovery until such time as their motion to dismiss has been determined.  Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in

the interests of justice." Fed.R.Civ.P. 26(d). See also <u>Panola Land Buyers Ass'n v. Shuman</u>, 762 F.2d 1550, 1558-59 (11th Cir. 1985)(court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); <u>Transunion Corp. v. PepsiCo, Inc</u>., 811 F.2d 127, 130 (2nd Cir. 1987).

Defendants' motion is **GRANTED**; discovery is stayed until the district judge to whom this case is assigned makes a determination of the merits of this recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 31st day of July, 2009.

/S Richard L. Hodge  
RICHARD L. HODGE  
UNITED STATES MAGISTRATE JUDGE

msd