**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

EUGENE THOMAS,

    Plaintiff,

vs.

THOMAS AMMONS; KEVIN KINNEL;
Lt. GREENE; Lt. NORMAN;
Off. St. JAQUES; BRIGETTE V.
JENKINS; and Off. DAVENPORT,

    Defendants.

**CASE NO.: 1:08-CV-145 (WLS)**

<u>ORDER</u>

    Before the Court is a Recommendation (Doc. 6) from United States Magistrate Judge Richard L. Hodge, filed November 9, 2008. It is recommended that Plaintiff's Motion for destruction of personal property (due process claim) be dismissed along with named defendants, Thomas Ammons, Kevin Kinnell, Lt. Green, Lt. Norman, Officer St. Jaques and Officer Davenport. Plaintiff filed his written objections (Doc. 10).

    Plaintiff objects to the Magistrate Judge's statement in the recommendation that "Plaintiff ...has filed another *pro se* civil rights complaint under 42 U.S.C. § 1983." (Recommendation, Doc. 6, p.1). Plaintiff asserts that the reference to "another" complaint is unnecessary and that it implies that Plaintiff is a "continuous filer of lawsuits." Plaintiff, however, acknowledges filing four (4) prior suits. Therefore, the reference to "another" suit is not erroneous. Beyond that the

-1-

Magistrate Judge stated nothing about prior suits by Plaintiff, their nature, merit or lack thereof. All characterizations of Plaintiff's suits are implied and stated by Plaintiff himself. More importantly, Plaintiff has failed to show that the Magistrate Judge's consideration of his current claims was affected at all by his "other" actions. Plaintiff's objections in this regard is totally without merit and, therefore, is OVERRULED.

Lastly, Plaintiff objects to dismissal of what Plaintiff describes as Plaintiff's request that the Court "[I]nvoke its pendant jurisdiction to the Due Process Claim of the Fourteenth Amendment, as this Plaintiff was alleging the deprivation of a constitutionally protected property interest (state action, and constitutionally inadequate process)..." (Plaintiff's Objection, p.2). As clearly set out and correctly stated in the recommendation, Plaintiff does not state a claim for violation of due process in connection with the alleged destruction of his personal property in view of O.C.G.A. § 51-10-1 for which relief can be granted. Plaintiff has not shown a Fourteenth Amendment due process violation. Accordingly, Plaintiff's objection is OVERRULED. Plaintiff's citation of Cryder v. Oxendine, 24 F.3d 175, (11th Cir. 1994) is unavailing. First, Cryder dealt with cessation of Workers' Compensation payments, and second, whether the Georgia statutory procedure provided adequate due process. The Eleventh Circuit found that it did. Plaintiff has cited no case finding Georgia law (O.C.G.A. § 51-10-1) inadequate procedurally with respect to the wrongful conversion of an inmate's personal property.

Upon full consideration upon the record the Court finds that said Recommendation should be, and hereby is, ACCEPTED , ADOPTED and made the order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein.

Accordingly, Plaintiff's due process claim and Defendants Thomas Ammons, Kevin Kinnel, Lt. Greene, Lt. Norman, Officer St. Jaques and Officer Davenport are DISMISSED.

**SO ORDERED**, this   30th   day of **September, 2009.**


　　　　　　　　　　　　　　　　　　／s/ W. Louis Sands
　　　　　　　　　　　　　　　　**W. LOUIS SANDS, JUDGE**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**