IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

EUGENE THOMAS,

   Plaintiff,

vs. : Civil Action File No.
**1:08-CV-145 (WLS)**

BRIGETTE JENKINS,

   Defendants.

## RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. §1983 action is a motion for summary judgment filed by the only remaining Defendant, Officer Jenkins. (Doc. 35).

Plaintiff filed this action on October 8, 2008, pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. (Doc. 2). Specifically, Plaintiff alleges that his personal property was destroyed without due process and that Officer Jenkins retaliated against him for filing a grievance regarding his property. In orders dated September 30, 2009, several claims were dismissed, including Plaintiff's due process claims regarding the purported destruction of his property and, accordingly, the Defendants, Warden Ammons, Deputy Warden Kinnel, Lieutenant Greene, Lieutenant Norman, Officer St. Jacques and Officer Davenport, against whom these claims were alleged, were dismissed. (Docs. 29 and 30).

The only remaining claim in this action is Plaintiff's retaliation claim against Officer Jenkins. (See Doc. 7). Plaintiff claims that Officer Jenkins retaliated against him for filing a grievance by keeping his property and then destroying it. (Doc. 2, p. 4-5). As a result of an order

on September 30, 2009, the claims against Officer Jenkins in her official capacity were dismissed. (Doc. 29). Accordingly, the only remaining claim in this action is against Officer Jenkins, in her individual capacity, for allegedly retaliating against Plaintiff in violation of his First Amendment rights.

Defendant has submitted her own affidavit, along with documentation, as well as the affidavit of Kiley Johnson, an official who worked in the mail room at Valdosta State Prison during the time in question, in support of her motion. (Doc. 35, Affidavit of Jenkins Exhibit A; Affidavit of Johnson Exhibit B). According to the evidence submitted by Defendant, pursuant to Georgia Department of Corrections ("GDOC") Standard Operating Procedures ("SOPs"), inmates are only permitted to receive one (1) package per month. (Doc. 35 Affidavit of Johnson, Exhibit B ¶ 4). Any package an inmate receives beyond the one package is considered contraband and the inmate must make arrangements for it to leave the prison. (Id. at ¶ 5-6).

On December 4, 2007, while incarcerated at Valdosta State Prison, Plaintiff received a second package in the month of December 2007. Because the package was thereby considered contraband, Plaintiff was provided an Inmate Property Disposal Agreement ("disposal agreement") so that he could select what arrangements he would make for this package. (Id. at ¶ 5, Attach. 1). Specifically, pursuant to GDOC SOP, Plaintiff had three options: (1) authorize postage and provide an address so that the contraband property could be mailed out of the prison; (2) arrange for the contraband property to be picked up at the prison; or, if he chose neither of these options within seven days of receipt of the disposal agreement, (3) the property would be destroyed. (Id. at ¶ 6; Attach. 1; Exhibit A, Affidavit of Jenkins, ¶ 13).

On December 4, 2007, Plaintiff signed a disposal agreement indicating that within thirty (30) days he would authorize postage and provide an address so that his property could be

mailed out of the prison. This decision by Plaintiff was also noted on the "Request/Authorization to Receive Package" form for the package. Plaintiff did not make the necessary arrangements for the mailing of his package within the thirty (30) day time period. Nevertheless, due to the volume of packages received during the holiday season, the package was not destroyed. Because it had not been destroyed by the time inmate Plaintiff was transferred to Autry State Prison in January 2008, the package was marked as contraband and forwarded to Autry State Prison. (Doc. 35 Exhibit B Johnson Affidavit, ¶ 7-9; Attachs. 1 and 2).

On January 23, 2008, prior to the contraband package arriving at Autry State Prison, Plaintiff's other property was inventoried at Autry State Prison while he was assigned to segregation. This property was returned to Plaintiff on February 5, 2008 and he signed an Inmate Personal Property Inventory form ("inventory form") confirming this. (Doc. 35, Exhibit A Jenkins Affidavit ¶ 5-8). On that same date, Plaintiff filed a grievance claiming that he did not receive his property. (Id.).

On February 13, 2008, the package from Valdosta State Prison arrived at Autry State Prison. The package was marked as contraband by Valdosta State Prison. (Id. at ¶ 9). Officer Jenkins inventoried the contraband package and prepared an inventory form. Plaintiff signed the form acknowledging that he was provided a copy of the inventory form as a receipt for the held package. (Id. at ¶ 9-10; Attach. 5). Because Plaintiff's property was contraband, Officer Jenkins also prepared a disposal agreement so that Plaintiff could designate how he wished to dispose of the contraband. (Id. at ¶ 11; Attach. 6). Plaintiff signed the inventory form acknowledging he received the disposal agreement. However, he refused to sign the disposal agreement or select how he would dispose of the property. Rather, he stated to Officer Jenkins, "I'll see you in court." (Id. at ¶ 12, 14). Because Plaintiff never made arrangements for his contraband property,

3

after thirty (30) days his property was destroyed on March 24, 2008. (Id. at ¶ 15).

In his unverified complaint (Doc. 2) Plaintiff makes the following allegations: he states that on February 13, he was called to the property room because of more property that had arrived from Valdosta State Prison. Defendant Jenkins gave Plaintiff his property. When Plaintiff requested the sales receipt, Defendant Jenkins took the property back, stating "You're the one that filed that grievance about (his) property coming up missing, ain't you?" Plaintiff agreed that he did file a grievance. Defendant Jenkins allegedly said "You ain't getting nothing unless you drop that grievance." (Doc. 2 ¶ 7). Plaintiff further alleges that Defendant Jenkins retaliated against him by then destroying his property. (Doc. 2 ¶ 8).

In his response to Defendant's motion for summary judgment, Plaintiff states that Defendant yelled at Plaintiff, "You the one that filed that grievance on me last week about his other property; I ain't got to give you shit!" Plaintiff states he asked Defendant if she was okay, to which Defendant stated "Inmate you don't try to grieve me and then try to be smart with me.....Give me all that property back; and file a grievance on that; I bet your ass will learn about filing grievances and shit. Like somebody care about a grievance." Plaintiff states he requested a copy of an Inmate Property Disposal Agreement Form, and a grievance, but was refused both by Defendant. (Doc. 36 p. 9).

Plaintiff further states that the package in question was not contraband, as he was authorized to receive an additional "Christmas package" and it should not have been labeled as contraband. Plaintiff further states that ultimately in January of 2008 the package was determined not to be contraband. (Doc. 36).

"First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the

4

conditions of his imprisonment." Boxer v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). "To state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennet v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). A plaintiff's complaint must contain enough facts to state a claim of retaliation by prison officials that is "plausible on its face." Bell Atl. Corp. V. Twombly, 127 S.Ct. 1955, 1974 (2007).

Assuming without deciding that Plaintiff has met the first two elements, he fails on causation. "The causal connection inquiry asks whether the defendants were subjectively motivated to discipline because [plaintiff] complained of some of the conditions of his confinement." *Smith v. Mosley,* 532 F.3d 1270, 1278 (11th Cir. 2008) (citing *Thaddeus-X v. Blatter,* 175 F.3d 378, 399 (6th Cir.1999)).

"[M]ost courts resolve th[e] subjective motivation issue [under the causal element by using] the *Mt. Healthy* burden-shifting formula." *Smith*, 532 F.3d at 1278 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). Under that approach,

> [o]nce the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on [his motion for judgment as a matter of law or prior to trial on] summary judgment.

*Thaddeus-X,* 175 F.3d at 399 (citation omitted).

"[T]he question for the court under *Mt. Healthy* [becomes] whether a reasonable fact finder, a jury, would have to find that the defendants would have [taken the adverse action

5

against plaintiff] 'even in the absence of the protected conduct,' i.e., the submission of grievances." *Smith* 532 F.3d at 1279.

Plaintiff argues that the close proximity in time between the time he filed his grievance and the destruction of his property prove retaliatory motive. Plaintiff states the property arrived at Autry from Valdosta on January 31, 2008, which was two days after Plaintiff filed his informal grievance about the first confiscation of his property. Plaintiff states Defendant did not call him in to receive his property until February 13, 2008, giving Defendant plenty of time to plan how to make Plaintiff drop his grievance. In support of his argument, Plaintiff submits the statement of Mark Grimes, an inmate who witnessed the exchange between Defendant and Plaintiff on February 13, 2008. (Doc. 36 Exhibit C). In this statement, Grimes states that Defendant began yelling at Plaintiff for filing a grievance. Grimes further states that Defendant took back all of Plaintiff's property and told Plaintiff to drop the grievance and he will get his property back. Grimes also states Plaintiff asked for an agreement form, but that Defendant refused and threatened to call the CERT term if Plaintiff did not get out of the room. Additionally, Plaintiff has filed his own "affidavit" in support of his opposition to the motion for summary judgment (Doc. 36).

Although neither of these "affidavits" were sworn to or subscribed before a notary public, they do contain the language "I swear that the foregoing is true and accurate." Federal law does provide an alternative to making a sworn statement, however, that requires the statement include a handwritten averment, signed and dated, that the statement is true and correct "under penalty of perjury." 28 U.S.C. § 1746. Here, in the two documents submitted by Plaintiff, the language "under penalty of perjury" has not been used. Therefore, the two "affidavits" are not competent evidence to be considered in the determination of summary judgment. *See Nissho-Iwai Am.*

*Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir.1988).

However, both statements deal with the conversation between Plaintiff and Defendant about the package. Even assuming that everything Plaintiff and Inmate Grimes say in their statements is true, Defendant has met her burden under the *Mt. Healthy* formula by showing that she would have taken the same action regardless of the grievance filed by Plaintiff or the conversation she had with Plaintiff on February 13, 2008.

The affidavit of Officer Johnson of Valdosta State Prison (Doc. 35 Exhibit B) provides that the package in question was marked as contraband while it was at Valdosta State Prison, because Plaintiff had more than one package that month and he had not taken the steps necessary to dispose of the property contained in the package. Whether the package was correctly labeled as contraband is immaterial to the issues herein, as the evidence shows that the label came from officials at Valdosta State Prison. The evidence is uncontroverted that Defendant Jenkins was not involved in making that designation, and simply received the package labeled contraband from the other institution.

Plaintiff was given an opportunity to dispose of his property while still at Valdosta State Prison, and signed the disposal agreement stating he would authorize postage and provide an address so that his package could be mailed out of the prison. (Doc. 35 Exhibit B ¶ 7-8, Attachs. 1 & 2). However, disposal was not accomplished at Valdosta State Prison prior to Plaintiff's transfer to Autry State Prison, and the package was labeled as contraband and forwarded. (Doc. 35 Exhibit B ¶ 9).

Consequently, when the package labeled as contraband was received at Autry State Prison, Defendant Jenkins was authorized pursuant to GDOC SOP IIB06-0001, Inmate Personal Property Standards (Doc. 35 Exhibit A Attach. 1) and GDOC SOP II06-0002, Management of

Inmate Property or Contraband (Doc. 35 Exhibit A Attach. 2) to require Plaintiff to select a method of disposal of his contraband property and to give him 30 days in which to do so. Defendant Jenkins prepared an inventory form and a disposal agreement. Plaintiff signed the inventory form, but refused to sign the disposal agreement or select a method of disposal. (Doc. 35 Exhibit A ¶ 9-11, Attachs. 5 and 6).

Defendant Jenkins has come forward with evidence showing that she would have taken the same action regardless of whether or not Plaintiff filed a grievance. "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on [his motion for judgment as a matter of law or prior to trial on] summary judgment." *Thaddeus-X,* 175 F.3d at 399 (citation omitted).

Therefore, it is the RECOMMENDATION of the undersigned that Defendant's motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 12th day of August, 2010.

        //S Thomas Q. Langstaff
        THOMAS Q. LANGSTAFF
        UNITED STATES MAGISTRATE JUDGE

msd