IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| EUGENE THOMAS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:08-CV-145 (WLS) |
| BRIGETTE JENKINS, | : | |
| Defendant. | : | |

## ORDER

Before the Court is a Report and Recommendation ("R&R") from United States Magistrate Judge Thomas Q. Langstaff, filed August 12, 2010. (Doc. 44). It is recommended that Defendant's Motion for Summary Judgment (Doc. 35) be granted. (Doc. 44 at 8). Plaintiff timely filed an Objection. (Doc. 45).

For the following reasons, the objections set forth in Plaintiff's Objection (Doc. 45) are **OVERRULED** and United States Magistrate Judge Langstaff's August 12, 2010 Report and Recommendation (Doc. 44) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Defendant's Motion for Summary Judgment (Doc. 35) is **GRANTED**. Because no actionable claims remain in this matter, the above-captioned case is **ORDERED CLOSED**.

According to the procedural history provided in the R&R, the sole issue to be decided at this late stage in the proceeding is whether Defendant, an Officer at Autry State Prison, is liable in her individual capacity to Plaintiff, a prisoner at the same correctional facility, for allegedly retaliating against Plaintiff on February 13, 2008 by withholding a package addressed to Plaintiff

1

– which was ultimately destroyed on March 24, 2008 by prison officials – as alleged punishment for Plaintiff's filing of a grievance on February 5, 2008 regarding another package that allegedly was not returned to Plaintiff. (Doc. 44 at 1-2). Plaintiff's Objection does not dispute this interpretation of the procedural history and current posture of the case. (*See generally* Doc. 45).

The R&R provides the law regarding a First Amendment retaliation claim, and describes the Mt. Healthy burden-shifting formula prior to applying such to the facts of Plaintiff's case as those facts are established by the evidence on the record. (Doc. 44 at 4-8). This Court's analysis of the entire record – including the pleadings, Defendant's Motion for Summary Judgment, the Response, Reply and Sur-Reply thereto, all evidence submitted therein, the R&R, and Plaintiff's Objection – shows that the legal outcome of the Motion for Summary Judgment turns on one material fact: whether the February 13, 2008 package was marked as "contraband" when it was received at Autry State Prison. If it was, then the evidence shows that pursuant to Georgia Department of Corrections Standard Operating Procedures the package would have been withheld even in the absence of Plaintiff's February 5, 2008 grievance, and thus Plaintiff would fail on the causation element of his retaliation claim as a matter of law. If the package was not marked as "contraband," however, then Defendant would not be able to show that the adverse action would have occurred in the absence of the filing of Plaintiff's grievance, and thus summary judgment would not be appropriate; the case would proceed to a jury.

The Court notes that whether the February 13, 2008 package was *properly* or *improperly* marked as "contraband," an issue that Plaintiff strenuously argues in both his Response (Doc. 36) and Objection (Doc. 45), is not a fact material to the legal analysis regarding Plaintiff's sole remaining retaliation claim. The Court's concern on the retaliation claim is not *why* the February 13, 2008 package may have been marked as "contraband" before it left Valdosta State Prison –
2

although the Court rejects Plaintiff's oft-repeated assertion that two (2) packages were permitted for the month of December by the Georgia Department of Corrections Standard Operating Procedures, because the policy text clearly provides for only a slightly heavier package to be received by inmates in December but clearly does not expand the one (1) package per month limit for the month of December (*see* Pl.'s Ex. A, Doc. 36-2 at 1) – but rather *whether* the February 13, 2008 package was so marked as "contraband" when it arrived at Autry State Prison. Plaintiff's objections regarding the handling of packages at Valdosta State Prison are thus **OVERRULED** as immaterial.

Plaintiff's Objection asserts that "Valdosta State Prison officials never lab[e]le[d] my package contraband … Officer Jenkins is the one that lab[e]led my property contraband, not Valdosta." (Doc. 45 at 3). The Court finds that Plaintiff's bald, unsupported assertion that the February 13, 2008 package was not marked as "contraband" when it was received at Autry State Prison is undermined by the evidence submitted by Defendant (*see* Docs. 35-4 to 35-13) and relied upon by Plaintiff in his Response (*see* Doc. 36-2). The December 4, 2007 Inmate Property Disposal Agreement, bearing Plaintiff's signature, states that his items are "contraband" (Pl.'s Ex. E, Doc. 36-2 at 5), and the Christmas Package 2007 form states that Plaintiff's items are contained in his "2nd package" (Pl.'s Ex. H, Doc. 36-2 at 8) – which merits a "contraband" designation under the Georgia Department of Corrections Standard Operating Procedures (Def.'s Ex. A Attach. 1, Doc. 35-5 at 1 to 5 & 9 to 11). Furthermore, a note at the top-left corner of the December 4, 2007 Inmate Property Disposal Agreement states that the items listed were sent to Autry State Prison on January 31, 2008 (Pl.'s Ex. E, Doc. 36-2 at 5), and the Affidavit of Lieutenant Kiley Johnson of Valdosta State Prison affirms that "the package was marked as

contraband and forwarded [to] Autry State Prison" (Def.'s Ex. B, Doc. 35-11 at 5 ¶ 9).[1] Finally, in the space between the columns on the February 13, 2008 Inmate Personal Property Inventory, Defendant handwrote that the package from Valdosta State Prison contained an advisement that the package should be "consider[ed] contraband" (Pl.'s Ex. F, Doc. 36-2 at 6); Defendant then presented Plaintiff with the February 13, 2008 Inmate Property Disposal Agreement explaining that his items are "contraband," which Plaintiff refused to sign (Pl.'s Ex. G, Doc. 36-2 at 7). A review of Plaintiff's submitted Affidavits shows that they do not address the issue of whether the February 13, 2008 package was or was not marked as "contraband." (*See generally* Pl.'s Ex. C, Mark Grimes Aff., Doc. 36-2 at 3 & Eugene Thomas Aff., Doc. 36-4 at 4 to 7).

Federal Rule of Civil Procedure 56(c)(2) requires this Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The sole material fact identified by the Court is whether the February 13, 2008 package was marked as "contraband" when it was received at the Autry State Prison. The evidence on the record shows that the package was indeed marked as contraband, and aside from the unsupported and self-serving protestations raised in his briefs, Plaintiff has not shown facts indicating otherwise. The evidence being clear, the Court finds no genuine issue as to the material fact that the February 13, 2008 package was marked as "contraband" when it was received at Autry State Prison. Plaintiff's objection that the package was not so marked is **OVERRULED**. And because under the Mt. Healthy burden-shifting formula the Court finds that even absent the filing of Plaintiff's February 5, 2008 grievance the February 13, 2008 "contraband" package would have been withheld, the Court finds that

---

[1] Plaintiff's spurious objection that Lt. Johnson was an institutional recruiter and did not work in the mailroom is clearly contrary to Lt. Johnson's Affidavit stating that she had assisted in the mailroom during the busy holiday period (Def.'s Ex. B, Doc. 35-11 at 3 ¶ 3), and is thus **OVERRULED**.

Plaintiff cannot satisfy the causation element of his retaliation claim and that Defendant is entitled to judgment as a matter of law. Summary judgment is appropriate.

All other objections stated in Plaintiff's Objection (Doc. 45) not addressed above are **OVERRULED** as immaterial. Specifically, Plaintiff's objections regarding Judge Langstaff – that Plaintiff was never notified nor approved of Judge Langstaff's assignment to the case (Doc. 45 at 1-2) and that Judge Langstaff was biased and prejudiced due to Judge Langstaff's recommendation to find against Plaintiff (*id.* at 2-7) – are **OVERRULED**. Judge Langstaff's assignment was noticed to all parties by the docket entry of April 30, 2010 (*see* Docket at 04/30/2010), and Plaintiff has no say in the administrative operations of this Court so Judge Langstaff's assignment to the case never "could have been refused by plaintiff." (Doc. 45 at 2). Besides, this Court must approve and adopt any R&R submitted by any United States Magistrate Judge before such becomes an Order on the record, regardless of the United States Magistrate Judge's identity. Plaintiff's rights are adequately protected through this procedure. Additionally, the Court finds no evidence that Judge Langstaff was biased or prejudiced against Plaintiff. Judge Langstaff's recommendation was made in accordance with the law and the facts as they were presented on the record, and Plaintiff's case fails not because of any bias or prejudice against him but because his claim against Defendant cannot survive summary judgment.

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 45) are **OVERRULED** and United States Magistrate Judge Langstaff's August 12, 2010 Report and Recommendation (Doc. 44) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Defendant's Motion for Summary Judgment (Doc. 35)

is **GRANTED**. This matter having no remaining actionable claims, the above-captioned case is **ORDERED CLOSED**.

  **SO ORDERED**, this __14th__ day of September, 2010.

                 _/s/ W. Louis Sands_
                 **THE HONORABLE W. LOUIS SANDS,**
                 **UNITED STATES DISTRICT COURT**